# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BRIAN K. SHELTON

        Plaintiff,

    v.                                               Case No. 09-CV-151

MUKWONAGO AREA SCHOOL DISTRICT,
MUKWONAGO HIGH SCHOOL,
MUKWONAGO AREA SCHOOL DISTRICT
BOARD OF EDUCATION, PAUL WYSOCKI,
JOHN BULARZ, TOM BROWN, TODD CLEMENS,
RODELL SINGERT, LOREN TIEMAN, ART SCHNEIDER,
KURT KAESERMANN, DALE L. HENRY,
PAUL A. STROBEL, and MARY KAY SHELTON,

        Defendants.

_____

# ORDER

On February 17, 2009, plaintiff Brian Shelton filed a Pro Se Complaint (Docket #1) against various defendants affiliated with Mukwonago High School, alleging his daughter is suffering racial discrimination as a result of her enrollment in a sociology class that addresses the roles of racial stereotypes and slurs. Plaintiff also included the mother of his daughter as a defendant. Plaintiff also filed a Motion for Leave to Proceed in forma pauperis (Docket #2), as well as a Motion for Temporary Restraining Order (Docket #3).

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the

action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The plaintiff submits an affidavit in which he declares under penalty of perjury that he is unemployed, has no income, and has monthly expenses of $90, as well as outstanding student debt and medical bills, and that he owes money to the IRS. Based upon this information, the court determines that the plaintiff is unable to pay the costs of commencing this action.

However, the court also finds that this case should be dismissed. Plaintiff attempts to bring suit on behalf of his daughter; however, he is not the legal custodian of his daughter. Rather, Mary Shelton, one of the defendants, "has been awarded Sole Legal Custody by the Family Court, Waukesha, Wisconsin to render legal decisions affecting [their] daughter's education." (Docket #1 at 10). In fact, plaintiff has not alleged a single fact to indicate he has standing to sue on behalf of his daughter. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" standing.). Rather, it appears clear that because plaintiff does not have legal custody of his daughter, he has no standing to bring suit on her behalf. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1 (2004) (father who did not have legal custody of his daughter

did not have standing to challenge school district's policy regarding pledge of allegiance). Accordingly, his complaint must be dismissed.

Independent of the standing issue, yet sufficient in its own right, is the fact that plaintiff's complaint fails to state a claim. Plaintiff's complaint alleges that his bi-racial daughter's enrollment in Sociology course # 672, A CLASS DIVIDED, violates his daughter's rights under Title VII of the Civil Rights Act of 1964. (Docket #1 at 7). Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. The allegations in the complaint clearly indicate that Title VII would not apply to this situation. Liberally construing plaintiff's allegations, the court will consider the complaint as alleging a hostile educational environment in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq.,[1] and in violation of the Equal Protection clause. Section 1983 claims based on Equal Protection violations require a showing of intentional discrimination, *Bruno v. City of Crown Point, Ind.*, 950, F.2d 355, 361 (7th Cir. 1991), as do Title VI claims, *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). Plaintiff, however, has not alleged intent in his complaint. Similarly, even if all facts alleged in the complaint are regarded as true, those facts still would not support a finding of intent. Furthermore, regardless of intent, dismissal is also proper because "[i]t is simply not the role of courts to serve as literary censors or to

---

[1]Title VI provides in relevant part:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

make judgments as to whether reading particular [materials] does students more harm than good." *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1032 (9th Cir. 1998) (courts may not ban school curriculum on the basis of content, even when the material is accused of being racist in whole or in part). Thus, the court finds that plaintiff's complaint fails to state a claim.

Plaintiff not only lacks standing to bring this claim, but also fails to state a claim on which relief can be granted. Indeed, all the facts alleged taken in concert show a complete lack of intent required to state a claim under § 1983 or Title VI. Additionally, for the court to grant relief would require it to impermissibly tread on the First Amendment. Indeed, even "permitting lawsuits against school districts on the basis of the content [school curriculum] to proceed past the complaint stage could have a significant chilling effect on a school district's willingness to assign [materials] with themes, characters, snippets of dialogue, or words that might offend the sensibilities of any number of persons or groups." *Id.* at 1030. Thus, though Fed. R. Civ. P. 15(a) would allow plaintiff to amend his pleading as a matter of course before being served with a responsive pleading, the court finds that as a result of the deficiencies noted above, plaintiff's pleading is not capable of redemption through amendment.

Accordingly,

**IT IS ORDERED** that plaintiff's Pro Se Complaint (Docket #1) be and the same is hereby **DISMISSED** with prejudice; and

-4-

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that plaintiff's Motion for Temporary Restraining Order (Docket #3) be and the same is hereby **DENIED** as moot.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge